# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Nahid Heidari,<br><br>Plaintiff,<br><br>v.<br><br>United States Citizenship and Immigration Services (USCIS); U.S. Department of State; Bureau of Consular Affairs; U.S. Embassy in Ankara; U.S. Department of Homeland Security; National Visa Center (NVC),<br><br>Defendants. | Case No. 2:25-cv-01005-DJA<br><br>**Order** |

Before the Court is pro se Plaintiff Nahid Heidari's motion for order to show cause (ECF No. 9) and motion for entry of Clerk's default (ECF No. 11). In his first motion, Plaintiff asks the Court to order the Defendants to show cause why they have failed to respond to Plaintiff's complaint despite Plaintiff serving them. (ECF No. 9). In his second motion, Plaintiff asks the Clerk's Office to enter default against Defendants for their failure to respond to Plaintiff's complaint despite Plaintiff serving them. (ECF No. 11). The Court denies both motions because it is not clear that Plaintiff has properly served Defendants.

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). After the clerk enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule 55(b).

However, a default may not enter against a defendant unless the plaintiff has properly served the defendant. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (explaining that without proper service, there is no personal jurisdiction); *see Chambers v. Knight*, No. 18-cv-02906-BAS-BGS, 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("[a] default may not enter

against a defendant unless the plaintiff has properly served the defendant"). Under Federal Rule of Civil Procedure 4(i)(2), "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." To serve the United States, a party must do the following:

> (A) (i) deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Here, there are discrepancies in Plaintiff's service and motions that prevent the Court from finding that Plaintiff has shown by affidavit or otherwise that Defendants have failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a). So, the Court denies Plaintiff's motions without prejudice.

The first discrepancy is that Plaintiff seeks Clerk's entry of default against the United States Attorney General and the United States Attorney for the District of Nevada. (ECF No. 11). Plaintiff also moves for the Court to order the United States Attorney General and United States Attorney for the District of Nevada to show cause why they have not responded to his complaint. (ECF No. 9). But Plaintiff did not name these parties as Defendants in his complaint. Despite not naming them as Defendants, Plaintiff appears to have attempted service on them as if they were Defendants. Plaintiff obtained summonses which include the United States Attorney General and United States Attorney for the District of Nevada as defendants in the caption. (ECF No. 2 at 1, 2). And Plaintiff now lists them as Defendants in the captions of his motions (omitting

Defendants U.S. Embassy in Ankara and the National Visa Center).[1]  (ECF Nos. 9, 11).  So, it is not clear to the Court whether Plaintiff has attempted to serve the United States Attorney General and United States Attorney for the District of Nevada as *defendants* or as part of Plaintiff's service on the Defendants under Rule 4(i)(2).

Second, even if the Court were to assume that Plaintiff served the United States Attorney General[2] and United States Attorney for the District of Nevada[3] as part of his service on the Defendants, Plaintiff has not shown that he has properly served all of the Defendants.  Plaintiff has provided receipts for his mail to the U.S. Department of Homeland Security and United States Citizenship and Immigration Services.[4]  But Plaintiff has not provided receipts for his mail to any other Defendant.[5]  Plaintiff's motions do not address these discrepancies but ask the Court to

---

[1] In the caption of his first motion, Plaintiff removes the Defendants U.S. Embassy in Ankara and the National Visa Center and adds the U.S. Attorney for the District of Nevada and the U.S. Attorney General of the United States.  (ECF No. 9).  In his second, Plaintiff combines Defendants U.S. Department of State and the Bureau of Consular Affairs as "Department of State – Consular Affairs Bureau," removes Defendants U.S. Embassy in Ankara and the National Visa Center, and adds Defendants U.S. Attorney General and U.S. Attorney's Office, District of Nevada.  (ECF No. 11).  Plaintiff has not filed any amended pleading changing the Defendants against whom he brings his claims.

[2] Plaintiff has provided a return receipt for his mail to the United States Attorney General, showing receipt on June 20, 2025.  (ECF No. 7-1).  He has also claimed to have served the summons and complaint by certified mail on the United States Attorney General on June 20, 2025, in his certificate of service in support of his motion for Clerk's entry of default.  (ECF No. 11-4).

[3] Plaintiff has provided a return receipt for his mail to the United States Attorney for the District of Nevada, showing receipt on June 12, 2025.  (ECF No. 7).  He has also claimed to have served the summons and complaint by certified mail on the United States Attorney for the District of Nevada on June 12, 2025, in his certificate of service in support of his motion for Clerk's entry of default.  (ECF No. 11-4).

[4] Plaintiff has provided return receipts for his mail to the U.S. Department of Homeland Security and United States Citizenship and Immigration Services, showing receipt on June 17, 2025 (or July 3, 2025), and June 23, 2025, respectively.  (ECF Nos. 6, 6-1).  He has also claimed to have served the summons and complaint by certified mail on these parties on June 17, 2025, and June 23, 2025, respectively, in his certificate of service in support of his motion for Clerk's entry of default.  (ECF No. 11-4).

[5] Plaintiff has filed a proof of service for "DOS and CA," which indicates that Plaintiff's mail was picked at a postal facility up on June 17, 2025, but does not provide a receipt.  (ECF No. 6-2).  Plaintiff appears to have abbreviated the U.S Department of State ("DOS") and the Bureau of Consular Affairs ("CA").  On a copy of the tracking updates for Plaintiff's mail, Plaintiff writes

order all Defendants to show cause and for the Clerk's office to enter default against each Defendant.[6]

Given these issues, the Court will not grant Plaintiff the relief he seeks at this stage. So, the Court denies his motion for an order to show cause and denies his motion for entry of Clerk's default, both without prejudice.[7] (ECF Nos. 9, 11). The deadline for Plaintiff to provide proof of service has also passed. *See* Fed. R. Civ. P. 4(m). The Court will therefore give Plaintiff until October 15, 2025, to: (1) complete service of the summons and complaint on each Defendant using the procedures described in Rule 4(i); and (2) file an affidavit or declaration of service detailing when and how service on each Defendant was effectuated and listing which documents were served. *See id.*

**IT IS THEREFORE ORDERED** that Plaintiff's motion for order to show cause (ECF No. 9) and motion for entry of Clerk's default (ECF No. 11) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff will have until **October 16, 2025,** to do the following: (1) complete service of the summons and complaint on each Defendant using the procedures described in Rule 4(i); and (2) file an affidavit or declaration of service detailing when and how service on each Defendant was effectuated and listing which documents were served.

---

"[o]n June 17th the summons were received by dos [sic] and CA [sic] but I have not received the return recipte [sic] with their signature on it. I will bring it to this court as soon as I get it." (*Id.*). To date, Plaintiff has not provided the return receipt. Plaintiff has not filed any proof of service as to the U.S. Embassy in Ankara or the National Visa Center.

[6] Again, Plaintiff omits the U.S. Embassy in Ankara and the National Visa Center from these requests and adds the United States Attorney General and the United States Attorney for the District of Nevada.

[7] This case is part of the magistrate judge consent program under General Order 2023-11. (ECF No. 4). Defendants have not yet appeared in this action, so they have not consented to the jurisdiction of the assigned magistrate judge in this matter. Nonetheless, the assigned magistrate judge decides Plaintiff's motions in an order, rather than a recommendation, because the decision is not dispositive. *See* 28 U.S.C. § 636; *Goodwin v. Hatch*, No. 16-CV-00751-CMA-KLM, 2018 WL 3454972, at *4 (D. Colo. July 18, 2018), *aff'd,* 781 F. App'x 754 (10th Cir. 2019) (finding that the magistrate judge had authority to vacate the entry of default on an order basis because a "motion to set aside a clerk's entry of default is not a dispositive motion.").

1 **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff
2 a copy of this order.

4 DATED: September 17, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE