# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Nahid Heidari,

Plaintiff,

v.

United States Citizenship and Immigration Services (USCIS), et al.,

Defendants.

Case No. 2:25-cv-01005-DJA

**Order
and
Report and Recommendation**[1]

On September 17, 2025, the undersigned magistrate judge denied pro se Plaintiff Nahid Heidari's motions for default, explaining that Plaintiff had not shown proper proof of service on Defendants. (ECF No. 12). The undersigned therefore gave Plaintiff until October 16, 2025, to: (1) complete service of the summons and complaint on each Defendant using the procedures described in Rule 4(i); and (2) file an affidavit or declaration of service detailing when and how service on each Defendant was effectuated and listing which documents were served. Plaintiff missed that deadline.

The undersigned therefore entered an order to show cause on October 31, 2025, requiring Plaintiff to show cause why the undersigned should not recommend dismissal of this case for Plaintiff's failure to comply with the order. (ECF No. 13). The undersigned gave Plaintiff until December 1, 2025, to file a response to the order to show cause. In that order to show cause, the undersigned informed Plaintiff that "failure to comply with this order will result in the

---

[1] This case has been assigned to the magistrate judge consent program. (ECF No. 4). However, Plaintiff has not served any Defendants, so those Defendants have not consented to the undersigned's jurisdiction over this case. The undersigned will therefore order that this case be randomly assigned to a district judge who will then determine this report and recommendation under 28 U.S.C. § 636(b)(1)(A).

recommended dismissal of this action." Plaintiff has also missed that deadline. The undersigned magistrate judge therefore recommends dismissal of this action without prejudice.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with the undersigned's order, the undersigned recommends dismissal of Plaintiff's case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR IA 11-8(e). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to comply with a Court order impedes this goal. The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to comply with a Court order or initiate this action by serving the Defendants. The third factor weighs in favor of dismissal because the longer this case is carried on, the more witnesses' memories will fade and evidence may be lost. The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors. Fifth, while Plaintiff has paid the filing fee, indicating that he could potentially pay monetary sanctions, monetary sanctions will be ineffective if Plaintiff does not follow the Court order imposing them. There are no less drastic sanctions when Plaintiff will not comply with Court orders. So, the fifth factor weighs in favor of dismissal. The undersigned thus recommends dismissing Plaintiff's case without prejudice. A dismissal without prejudice allows Plaintiff to file a new case with the Court, under a new case number.

///

///

///

**ORDER**

**IT IS THEREFORE ORDERED** that the Clerk of Court is kindly directed to randomly assign a district judge to this matter.

**RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that this case be **dismissed without prejudice.** The Clerk of Court is kindly directed to send a copy of this recommendation to Plaintiff.

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: February 6, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE